IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| Mr. Sharn Chapman <br> 9590 Muilkirk Road, Apt. 102 <br> Laurel. Maryland 20708 | * <br><br> * |
| Mr. David Hines <br> 14710 McKendree Road <br> Brandywine, Maryland 20613 | * <br><br> * |
| Mr. Brad E. Helfer <br> 18930 Athey Road <br> Burtonsville, Maryland 20866 | * <br><br> * |
| Ms. Patricia Merrick <br> 7203 Westwind Drive <br> Bowie, Maryland 20715 | * <br><br> * |
| Mr. Sydney Rose <br> 68 Midway Avenue <br> Laurel, MD 20723 | * <br><br> * |
| Mr. Walter E. Ruffin <br> 124 Wester Street, N.W., # 7A <br> Washington, D.C. 20011 | * <br><br> * |
| Mr. Charles Carpenter <br> 1748 E. Street, N.E. <br> Washington, DC 20002 | * <br><br> * |
| Plaintiffs | * |
| v. | *   Civil Action No._____ |
| Ourisman Chevrolet Co., Inc. <br> 4400 Branch Avenue <br> Marlow Heights Maryland 20748 | * <br><br> * |
| and | * |

**Mr. Abbas Khademi**               *
**c/o 4400 Branch Avenue**
**Marlow Heights Maryland 20748-1899***

       **Defendants**               *

_____/

## COLLECTIVE ACTION COMPLAINT UNDER THE
## FAIR LABOR STANDARDS ACT FOR MONEY DAMAGES

Plaintiffs, Mr. Sharn Chapman, Mr. David Hines, Mr. Brad E. Helfer, Ms. Patricia Merrick, Mr. Sydney Rose, Mr. Walter E. Ruffin, and Mr. Charles Carpenter, on behalf of themselves and others similarly situated, and through undersigned counsel, states a collective action complaint against Defendant Ourisman Chevrolet Co., Inc. and Mr. Abbas Khademi ("Defendants") pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and demands a jury trial, as follows:

### Jurisdiction and Venue

1. This is a civil action including claims for damages and relief provided by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331, by virtue of 29 U.S.C. § 216(b).

2. At all times material herein, Defendant Ourisman Chevrolet Co., Inc. (hereinafter referred to as "Ourisman"), has employed and is employing employees in or about its places of business in the activities of its enterprise engaged in interstate commerce. Said enterprise is a car dealership, which, at all times material herein, has had an annual gross volume of sales made or business

done in an amount exceeding $500,000. Therefore, the employees of such enterprise are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act, and Defendant Ourisman is and has been at all times material herein an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C § 203(d).

3. Defendant Abbas Khademi ("Khademi") is and has been the General Manager of Ourisman, and, on information and belief, an owner of Ourisman, at all times material herein. Defendant Ourisman is and has been, actively engaged in the management and direction of employees, including the Plaintiffs, at Ourisman, including the operation of the dealership and employee pay matters, has possessed and exercised authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at Oursiman. Defendant Khademi is and has been at all times material herein an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

4. Venue as to the Plaintiffs' Fair Labor Standards Act claims is properly set in this District, since, on information and belief, Defendants Ourisman and Khademi reside in the District, and have been and are engaged in business in the State of Maryland, where Plaintiffs were employed.

## General Allegations

5. Plaintiffs, and others similarly situated, were employed by Defendants on various dates and in various workweeks during the three-year period prior to filing this Complaint. Plaintiffs, and others similarly situated, were

either formerly or currently employed by Defendants as car salespersons and were responsible for generating new and/or used car sales for Ourisman and primarily performed the duties described herein at the dealership in Marlow Heights, Maryland. Plaintiffs, and others similarly situated, were paid on a straight commission basis by the Defendants.

6. During a large number of workweeks, Plaintiffs, and others similarly situated, did not receive any compensation from Defendants even though Plaintiffs, and others similarly situated, generally worked more than 40 hours in a workweek. Defendants have failed and refused to pay Plaintiffs, and others similarly situated, the statutory minimum wage required by law for their work. This is a policy/practice common to Defendants' operations.

7. Defendants had knowledge that the Plaintiffs worked in excess of forty hours a week, required them to underreport their actual hours worked, and had knowledge that the Plaintiffs had, from time to time, failed to receive at least the minimum wage for services performed during a statutory workweek.

8. In fact, Defendants knew or had reason to believe that Defendants were subject to the Fair Labor Standards Act, because upon information and belief, Defendants not only manipulated the time sheets of the Plaintiffs, and others similarly situated, by demanding that the Plaintiffs, and others similarly situated, submit time sheets reflecting less than actual number of hours worked, but also discouraged Plaintiffs, and others similarly situated, from asking for

payment for the statutorily required minimum wage, by suggesting, among other things, that if such a demand is made, "we will have to part ways."

9. Defendants were required by law to record the hours worked by and the commissions paid to Plaintiffs, and Defendants have, or should have, records sufficient to permit a calculation of the hours worked, and the minimum wage underpayments, for the Plaintiffs, and others similarly situated. At this time and prior to conducting discovery, Plaintiffs do not have sufficient documents or information in their possession to calculate their unpaid overtime compensation. Plaintiffs reserve the right to offer appropriate calculations based wholly or in part upon information with the control of Defendants, and to request appropriate awards concerning those Plaintiffs, and others similarly situated, for whom it has not yet been practicable to offer a calculation of backpay due.

10. By virtue of his interest and participation in the business of Ourisman, and their joint status as employers, Defendant Khademi are responsible under the Fair Labor Standards Act jointly and severally with Ourisman for any unlawful failure to pay minimum wage compensation to Plaintiffs, and others similarly situated.

## COUNT I
### (Fair Labor Standards Act -- Minimum Wage)

11. Plaintiffs reallege paragraphs 1-10 of the Complaint, and incorporate herein the allegations of facts and circumstances in those paragraphs.

12. By failing to pay Plaintiffs, and others similarly situated, the statutory minimum wage for the work described in paragraphs 5-10, Defendants violated Section 6 of the Fair Labor Standards Act, 29 U.S.C. § 206.

13. Defendants' violation of the Fair Labor Standards Act was willful.

### Prayer

Based on the foregoing allegations, Plaintiffs respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Certify this action as a collective action pursuant to 29 U.S.C. § 216(b), issue an appropriate Notice to potential opt-in Plaintiffs who performed work as auto salespersons under a strict commission arrangement, and supervise the maintenance of this collective action;

(b) Order Defendants to pay Plaintiffs for all unpaid minimum wage payments determined by the Court to be due and owing to the Plaintiffs under the FLSA, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments awarded to Plaintiffs, for the three year preceding the filing of this lawsuit;

(c) Award Plaintiffs their attorneys' fees and costs in pursuing this action;

(d) Award Plaintiffs interest on any sums determined due and owing from Defendants;

(e)  Grant Plaintiffs any additional relief that the Court deems appropriate and just.

> Respectfully submitted,
>
> /s/ Bradford Warbasse / with permission
> Bradford W. Warbasse, Esq. (Bar No. 07304)
> Suite 103-B
> 9199 Reisterstown Road
> Owings Mills, MD 21117
> (410) 654-3950
>
> /s/ Howard B. Hoffman
> Howard B. Hoffman, Esq. (Bar No. 25965)
> Attorney at Law
> 600 Jefferson Plaza., Suite 304
> Rockville, Maryland 20852
> (301) 251-3752
> (301) 251-3753 (fax)
>
> *Attorney for Plaintiffs*

### Jury Demand

The Plaintiffs, by their attorney, hereby demands a jury trial as to all issues triable by a jury.

/s/ Howard B. Hoffman
Howard B. Hoffman, Esq.

7