IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

MR. SHARN CHAPMAN, et al.,  *

   Plaintiffs,  *

v.  * Civil Court Action No.: AW-08-CV-2545

OURISMAN CHEVROLET COMPANY,  *
INC. and ABBAS KHADEMI,

   Defendants.  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER

Ourisman Chevrolet Company, Inc. ("Ourisman"), and Abbas Khademi ("Khademi") (collectively "Defendants"), in answer to Plaintiffs' Complaint, state as follows:

### Jurisdiction and Venue

1. Plaintiffs' statement of jurisdiction contains no specific averments of fact or law which require an answer; however, to the extent that an answer may be necessary, the allegations are denied.

2. Defendants admit the allegations contained in Paragraph 2.

3. Defendants admit that Khademi is and has been General Manager of Ourisman, but denies the remaining allegations contained in Paragraph 3.

4. Plaintiffs' statement of venue contains no specific averments of fact or law which require an answer; however, to the extent that an answer may be necessary, the allegations are denied.

## General Allegations

5. Defendants admit that Plaintiffs' identified in the Compliant were employed by Ourisman on various dates and in various work weeks during the three-year period prior to filing this Complaint. Defendant Ourisman also admits that the named Plaintiffs worked as salespersons and were paid in accordance with a commission plan for vehicle salespersons. Defendant Ourisman denies the remaining allegations contained in Paragraph 5.

6. Defendants deny the allegations contained in Paragraph 6.

7. Defendants deny the allegations contained in Paragraph 7.

8. Defendants deny the allegations contained in Paragraph 8.

9. Defendants admit that they maintained records of the hours worked and the commissions paid for each of the named Plaintiffs, as required by law, but deny the remaining allegations contained in Paragraph 9.

10. Defendants deny that they have joint and several liability for any of the alleged claims under the Fair Labor Standards Act.

## COUNT I
### (Fair Labor Standards Act - Minimum Wage)

11. Defendants have already responded to Paragraphs 1 through 10; to the extent that those allegations have been admitted, they are admitted; to the extent those allegations have been denied, they are denied.

12. Defendants deny the allegations contained in Paragraph 12.

13. Defendants deny the allegations contained in Paragraph 13, and specifically denies that Plaintiffs are entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiffs' claims are barred by the Statute of Limitations and Laches.

### Third Defense

This Court lacks jurisdiction over the subject matter of the action.

### Fourth Defense

In the event that the Court were to find that Plaintiffs were entitled to additional compensation, liquidated damages cannot be assessed because Defendants had reasonable grounds for believing Plaintiffs did not work more than 40 hours per week or were appropriately paid for all hours worked, and, therefore, were not entitled to any additional compensation.

### Fifth Defense

The named Plaintiffs are all exempt employees under Section 13(b)(10) of the Fair Labor Standards Act and, therefore, ineligible to receive overtime compensation.

### Sixth Defense

None of the Defendants' actions toward the Plaintiffs were willful or intentional and, therefore, the appropriate Statute of Limitations for considering Plaintiffs' claims is two years, not three as claimed.

### Seventh Defense

Defendant Khademi did not exercise any operational control over the employment practices at Ourisman and, therefore, cannot be considered an employer under the FLSA.

### Eighth Defense

Defendants specifically deny that any of their actions regarding Plaintiffs were wrongful, illegal, retaliatory or improper under any federal, state, local or common law, regulation and/or ordinance, and, therefore, has no liability whatsoever to Plaintiffs; and, further, any allegation of the Compliant that has not been expressly admitted herein above, is denied.

WHEREFORE, Defendants having fully answered, respectfully request that this action be dismissed with prejudice and that Defendants be granted their costs.

Respectfully submitted,

_____/s/_____
Kevin C. McCormick
Whiteford, Taylor & Preston L.L.P.

                                      Seven Saint Paul Street
                                      Baltimore, Maryland 21202-1636
                                      (410) 347-8700

                                      Attorney for Defendants
                                      Ourisman Chevrolet Company, Inc.
                                      And Abbas Khademi

*1823751*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of November, 2008, a copy of the foregoing Answer was served by efiling and/or mailed first class, postage prepaid to:

>Bradford W. Warbasse, Esquire
>Suite 103-B
>9199 Reisterstown Road
>Owings Mills, Maryland  21117

>And

>Howard B. Hoffman, Esquire
>Attorney-at-Law
>Suite 304
>600 Jefferson Plaza
>Rockville, Maryland  20852

_____/s/_____
Kevin C. McCormick

1823751