IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHARN CHAPMAN, et al.                       *

    Plaintiffs                              *

v.                                          *            Case No. 8:08-cv-02545-AW

OURISMAN CHEVROLET CO., INC., et al.  *

    Defendants.                             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY
A FAIR LABOR STANDARDS ACT COLLECTIVE ACTION PURSUANT TO
29 U.S.C. § 216(b) AND FOR APPROVAL OF AND
FACILITATION OF NOTICE TO POTENTIAL CLASS MEMBERS**

    Defendants Ourisman Chevrolet Co., Inc. ("Ourisman") and Abbas Khademi ("Khademi"), by undersigned counsel, hereby file this Opposition to Plaintiffs' Motion to Conditionally Certify a Fair Labor Standards Act Collective Action Pursuant to 29 U.S.C. § 216(b) and for Approval of and Facilitation of Notice to Potential Class Members ("Plaintiff's Motion").

**BACKGROUND**

    Defendant Ourisman Chevrolet Co., Inc. is a Maryland corporation located in Marlow Heights, Maryland.  Ourisman sells both new and used automobiles and provides on-site maintenance and repair. Defendant Abbas Khademi is Ourisman's General Manager.

    Plaintiffs have allegedly brought this action on behalf of a broad class of current and former Ourisman employees, and are now seeking an Order that notice of this action be sent to "all current and former auto salespersons for the last three years."  Plaintiff's Motion at 12.

**STANDARD OF REVIEW**

Courts considering collective actions under the FLSA have made clear that the decision to grant conditional certification and order notice is subject to the court's discretion. *See Hoffman-LaRoche Inc. v. Sperling,* 493 U.S. 165, 169-170 (1989). The issuance of notice to putative members of a collective action can only be justified where the plaintiffs and putative collective action members are "similarly situated." *Chase v. AIMCO Properties*, L.P., 374 F. Supp. 2d 196, 199-200 (D.D.C. 2005); *Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 519 (D.Md. 2000). "[A] plaintiff should be required 'to make a preliminary factual showing that a similarly situated group of potential plaintiffs exists' before court assistance is granted." *Camper*, 200 F.R.D. at 519 (quoting *D'Anna v. M/A-Com, Inc.*, 903 F. Supp. 889, 893-94 (D. Md. 1995)).

The required factual showing must be made by affidavit or some other means; factual allegations from the complaint alone are insufficient. *Id.* at 519. Plaintiffs must make such an initial "similarly situated" showing at a pre-discovery, or "notice" stage of collective action litigation. *See D'Anna*, 903 F. Supp. at 893.

At the notice stage, plaintiffs must provide evidence of a potential class which is sufficiently developed to permit court-facilitated notice. *Camper*, 200 F.R.D. at 519-520; *D'Anna*, 903 F. Supp. at 893. While this standard is modest, it does not permit automatic approval even at a pre-discovery stage. Courts will deny court-facilitated notice where claims of a similarly situated class of plaintiffs are based solely on vague allegations with meager factual support. *D'Anna,* 903 F. Supp at 894. This requirement is premised on the principles of "sound case management … to avoid the 'stirring up' of litigation through unwarranted solicitation, [and because] an employer should not be unduly burdened [and prejudiced] by a frivolous fishing expedition conducted by plaintiff at the employer's expense." *Id.* at 893-94. Indeed, it "would be a waste of the Court's and the litigants' time and resources to notify a

large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated." *Freeman v. Wal-Mart,* 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003).

**ARGUMENT**

**I.      PLAINTIFFS HAVE FAILED TO SATISFY THE EVIDENTIARY BURDEN REQUIRED TO SUPPORT AN ISSUANCE OF NOTICE**

Plaintiffs have failed to provide sufficient evidence to support a finding that the members of the purported class of current and former Ourisman employees are similarly situated for purposes of conditional certification.  Plaintiffs have produced several affidavits containing conclusory assertions that all auto salespersons employed by Ourisman within the last three years are similarly situated.  This contention ignores the fact that Ourisman enters into an individual compensation arrangement with each of its employees.  The conclusory statements contained in the affidavits offered by Plaintiffs are simply insufficient to support conditional certification and the issuance of notice.  *See H&R Block Ltd. v. Houdsen,* 186 F.R.D. 399, 400 (E.D. Tex 1999).  This is particularly true in light of the well-established principle that it "would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated." *Freeman,* 256 F. Supp. 2d at 945.  Any conditional certification and order that notice be issued should not be granted by this Court until the Plaintiffs produce additional evidence relevant to the issue of whether the proposed class members are similarly situated.

**II.     THE CONTENT AND FORM OF PLAINTIFF'S PROPOSED NOTICE IS INAPPROPRIATE**

3

In the event that the Court determines that notice should be issued in this case, such notice must be "accurate" and "informative." *Hoffman-LaRoche Inc.,* 493 U.S. at 172. Plaintiffs' proposed notice, however, is neither. To the contrary, the notice submitted by Plaintiffs contains both inappropriate and misleading information. Accordingly, Plaintiffs' proposed notice should be modified as discussed below.

### A.      Plaintiff's Description of the Lawsuit is Misleading and Highly Prejudicial

In bold type capital letters on the first page of the proposed notice, Plaintiffs state that the present action may affect the recipient's "RIGHTS TO RECEIVE UNPAID PAGES." *See* Plaintiff's Proposed Notice ("Pl. Notice"). The obvious intent of this reference is to suggest that a large number of employees are seeking to recover "unpaid wages" that employees are due and Defendants have refused to pay. This reference is highly prejudicial and misleading given that whether any of the Plaintiffs are entitled to damages under the FLSA is a central issue in this case. By suggesting that such wages are "unpaid," Plaintiffs' proposed notice has the effect of providing false assurances as to the likely success of Plaintiffs' claims in this case.

Whether a particular employee has been paid the minimum wage required under the Fair Labor Standards Act is a fact-intensive analysis to be decided by the Court. Thus, Plaintiff's language implying that "unpaid wages" is an entitlement for any plaintiff who opts into the lawsuit is misleading and prejudicial, and must be struck form the proposed notice. The very purpose behind the Court's involvement in the notice process is to prevent such misleading and biased information from being distributed to the putative class. *See Hoffmann-La Roche,* 493 U.S. at 171-172.

### B.      Potential Opt-In Plaintiffs Should Be Advised Of Their Right To Select Their Own Counsel

While Plaintiff's counsel has an obvious interest in being "class counsel" for as many opt-ins as possible, Section 216(b) does not require that the entire class be represented by the same counsel. Indeed, each potential opt-in plaintiff has the right to secure his or her own counsel in this matter. Accordingly, the notice to the potential plaintiffs should include a provision alerting them of their right to obtain their own counsel to represent them in this action. *See Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 101, 108 (S.D.N.Y. 2003) (modifying plaintiff's proposed notice to insert language advising potential plaintiffs of their right to obtain their own counsel).

### C.      An Opt-In Period of 45 Days Should Be Reflected in the Proposed Notice

Plaintiffs propose that potential class members be given sixty days from the time notice is sent to respond as to whether or not they choose to opt-in to the litigation. This period is excessive, and would unnecessarily delay these proceedings. In *Hoffman-LaRoche,* the Supreme Court noted that the District Court had "set a cutoff date for the filing of consents, as it was bound to do if the action was to proceed in diligent fashion." 493 U.S. at 172. The period set by the District Court was 45 days. Defendants propose that this generally accepted opt-in period of 45 days be applied to the notice to be distributed in this case in the event that the Court concludes that conditional certification is appropriate. *See, e.g., White,* 204 F. Supp. 2d at 1318 (setting 45-day opt-in period); *Harper,* 185 F.R.D. at 365 (same); *Sperling,* 118 F.R.D. at 417 (same). This is more than enough time for all potential class members to learn about this suit and join, if they so desire. Accordingly, Plaintiff's proposed notice should be modified to reflect a 45-day opt-in period.

**CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion in its entirety.  In the event the Court grants Plaintiff's motion for notice, such notice should be substantively modified as set forth herein.

Respectfully submitted,


_____/s/_____
Kevin C. McCormick (Bar No. 07674)
David M. Stevens
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
Tel.    (410) 347-8700
Fax.    (410) 223-4379
kmccormick@wtplaw.com

*Attorneys for Defendants,*
  *Ourisman Chevrolet Co., Inc. and*
  *Abbas Khademi*

*1828066*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of December, 2008, a copy of the foregoing Defendants' Opposition to Plaintiffs' Motion to Conditionally Certify a Fair Labor Standards Act Collective Action Pursuant to 29 U.S.C. § 216(b) and for Approval of and Facilitation of Notice to Potential Class Members was served by efiling and/or first-class, postage prepaid mail to:

> Howard B. Hoffman, Esq.
> 600 Jefferson Plaza, Suite 304
> Rockville, Maryland 20852
>
> Bradford W. Warbasse, Esq.
> 9199 Reisterstown Road, Suite 103-B
> Owings Mills, Maryland 21117
>
> Attorneys for Plaintiffs

　　　　　　　　　　　　　　　　___/s/_____
　　　　　　　　　　　　　　　　Kevin C. McCormick

*1828066*