**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| SHARN CHAPMAN, *et al.*, | * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. AW-08-2545 |
| OURISMAN CHEVROLET CO., INC., *et al.*, | * * * | |
| Defendants. | * | |

*****************************************************************************

**MEMORANDUM OPINION**

Nine named Plaintiffs, Mr. Sharn Chapman, Mr. David Hines, Mr. Brad E. Helfer, Ms. Patricia Merrick, Mr. Sydney Rose, Mr. Walter E. Ruffin, Mr. Charles Carpenter, Mr. Gregory Jones, and Mr. William Looney[1], (collectively "Plaintiffs"), have filed a complaint against Ourisman Chevrolet Co., Inc., Mr. Chris Ourisman, General Sales Manager, and Mr. Abbas Khademi, General Manager, (collectively "Defendants") alleging a violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, for failure to pay Plaintiffs the minimum wage requirement.

Currently pending are Plaintiffs' Motion to Amend the Complaint (Docket No. 15), Motion to Conditionally Certify a Fair Labor Standards Act Collective Action Pursuant to 29 U.S.C. § 216(b) (Docket No. 12), and Motion to Equitably Toll the Statute of Limitations (Docket No. 19). The issues have been fully briefed, and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated more fully below, the Court will grant Plaintiffs' Motion to

---

[1]Plaintiffs made a motion to amend the Complaint, adding two additional Plaintiffs and an additional Defendant. (Docket No. 15.) Defendants do not oppose the addition of the two Plaintiffs, however, Defendants do oppose the addition of Chris Ourisman as a Defendant. (Docket No. 17.) Accordingly, the Court will allow the unopposed addition of the two Plaintiffs and discuss the disputed addition of Defendant Chris Ourisman below.

1

Amend the Complaint, Motion to Conditionally Certify a Fair Labor Standards Act Collective Action Pursuant to 29 U.S.C. § 216(b) , and Motion to Equitably Toll the Statute of Limitations.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are both former and current salespersons of Defendants' Marlow Heights car dealership during the three-year period prior to filing the Complaint. (Compl. ¶ 5.) Plaintiffs were responsible for generating new and/or used car sales for Defendants' auto sales dealership. (Compl. ¶ 5.) Plaintiffs were paid on a straight commission basis by the Defendants, however, Plaintiffs allege that they were not paid by Defendants during a large number of work weeks. (Compl. ¶ 6.) Plaintiffs also claim Defendants required them to falsify their time sheets by under reporting their actual work hours. (Compl. ¶¶ 7-8.) Plaintiffs allege that while they generally worked more than forty hours a week, they were not paid the statutory minimum wage required by law. (Compl. ¶ 6.)

On September 29, 2008, Plaintiffs filed the original Complaint against Defendants. On November 13, 2008, Plaintiffs filed a Motion to Conditionally Certify a Fair Labor Standards Act Collective Action Pursuant to 29 U.S.C. § 216(b) of the FLSA. (Docket No. 12.) On December 10, 2008, Plaintiffs filed a Motion to Amend the Complaint, seeking to add two additional Plaintiffs and an additional Defendant, Chris Ourisman. (Docket No. 15.) On March 16, 2009, Plaintiffs filed a Motion to Equitably Toll the Statute of Limitations. (Docket No. 19).

## II.     ANALYSIS

### A.     Plaintiffs Motion to Amend the Complaint under Rule 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) provides in pertinent part, "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). A court may deny a motion to amend when "the amendment would be prejudicial to the opposing party," *Edell & Associates, P.C., v. Law Offices of Peter G. Angelos,* 264 F.3d 424, 446 (4th Cir.2001), or the proposed amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). The proposed amendment may be deemed futile if it adds a claim that fails as a matter of law, or the amendment fails to state a claim under Rule 12(b)(6). *Glaser v. Enzo Biochem., Inc.*, 126 F. App'x 593, 602 (4th Cir. 2005); *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).

Plaintiffs seek to amend their Complaint for the purpose of naming additional parties. Plaintiffs would like to include two additional Plaintiffs, Mr. Gregory Jones and Mr. William Looney, and an additional Defendant, Mr. Chris Ourisman. While Defendants do not oppose the addition of the two opt-in Plaintiffs, they do oppose the addition of Mr. Chris Ourisman, the General Sales Manager of the Ourisman auto dealership. Defendants argue that the addition of Mr. Ourisman would be futile because Mr. Ourisman is not an employer within the meaning of the FLSA.

Under the FLSA, an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The term employer is given a broad construction under the FLSA. *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d

3

762, 768 (D. Md. 2008). Plaintiffs seek to add Mr. Ourisman as a Defendant, alleging that Mr. Ourisman as the General Sales Manager for and partial owner of Ourisman Chevrolet, was responsible, in part, for the operation of the dealership and employee matters as he possessed the authority to fix, adjust, determine work hours, and amounts paid to his employees. (Compl. ¶ 4.) Plaintiffs have adequately alleged that Mr. Ourisman is related to the asserted claim by alleging that Mr. Ourisman is a partial owner of the auto dealership and exercises sufficient control over the employee matters at issue in this case. Accordingly, Plaintiffs may amend the Complaint.

  B. <u>Plaintiffs' Motion to Conditionally Certify a Fair Labor Standards Act Collective Action Pursuant to 29 U.S.C. § 216(b)</u>

Plaintiffs seek to Conditionally Certify this action as a Collective Action and also receive this Court's supervision and permission for providing the auto dealership's employees notice of their opt-in rights regarding the pending action under the FLSA. Plaintiffs' argue that they constitute a similarly situated class of persons in that they were (and in some cases still are) auto salespersons for Defendants who did not receive their required statutory minimum wage earnings for work done for the Defendants. Defendants argue that Plaintiffs have failed to meet the evidentiary burden requirement under the FLSA because the affidavits provided are conclusory in nature. Defendants assert that the Plaintiffs are not similarly situated because Ourisman, the auto dealership, enters into individual agreements with each of its employees. Defendants argue in the alternative, that if the Court chooses to conditionally certify the class, an appropriate notice is required because Plaintiffs' proposed notice is inaccurate because it is misleading and highly prejudicial, and that the potential opt-in Plaintiffs ought to be advised of their right to choose separate counsel.

Under the FLSA, plaintiffs may maintain a collective action against their employer for violations under the act pursuant to 29 U.S.C. § 216(b). Section 216(b) provides in pertinent part:

4

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). This provision establishes an "opt-in" scheme, whereby potential plaintiffs must affirmatively notify the court of their intention to be a party to the suit. *Camper v. Home Mgmt., Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000). To effectuate the remedial purposes of the Act, it is well settled that district courts have discretion, in appropriate cases, to allow such claims to proceed as a collective action and to facilitate notice to potential plaintiffs. *Id.*; *see also Hoffmann-Larouche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). When considering a motion for opt-in notice, the "relevant inquiry is not whether the court has discretion to facilitate notice, but whether this is an appropriate case in which to exercise that discretion." *Camper*, 200 F.R.D. at 519.

The first issue in determining whether to exercise that discretion is whether Plaintiffs have demonstrated that potential class members are "similarly situated." 29 U.S.C. § 216(b). Courts in this District have held that plaintiffs should be required "to make a preliminary factual showing that a similarly situated group of potential plaintiffs exists" before court assistance is granted. *Camper*, 200 F.R.D. at 519. This would include factual evidence by affidavits or other means, but mere allegations in the complaint does not suffice. *Id.* While a group of potential plaintiffs are "similarly situated" when they together were victims of a common policy or scheme or plan that violated the law, employees cannot be expected to have evidence of a stated policy of refusing to pay overtime. *Quinteros*, 532 F. Supp. 2d 762 at 772.

In this case, Plaintiffs have filed affidavits stating that they were or are auto salespersons employed by the Defendants. Plaintiffs also state that Defendants maintained a common policy or

5

custom of failing to pay the Plaintiffs the statutory minimum wage, although they worked more than forty hours a week for Defendants. Indeed, Plaintiffs aver that they worked without receiving their required statutory minimum wage earnings. Plaintiffs have also put forth evidence in the form of their payroll stubs, to show that they worked without receiving pay on several different occasions. Plaintiffs maintain that they were required to under report their work hours on their time sheets, and that the time sheets are in the Defendants' possession. In addition, Plaintiffs state that they were deterred from complaining about the aforementioned actions out of a concern, communicated by Defendants, of lack of continued employment. Defendants dispute Plaintiffs' allegations; however, factual disputes do not negate the appropriateness of court-facilitated notice. *Camper*, 200 F.R.D. at 520. Based on the above standard and the affidavits submitted by Plaintiffs, the Court is satisfied that Plaintiffs have made the requisite factual showing regarding their FLSA claim. Thus, Plaintiffs' Motion to Conditionally Certify a Fair Labor Standards Act Collective Action Pursuant to 29 U.S.C. § 216(b) is granted.

The parties dispute the content of the FLSA collective action notice. Defendants argue that the content and form of Plaintiffs' first proposed notice is inaccurate and misleading because the language stating that "putative" Plaintiffs lack unpaid wages provided false assurances of the likely success of Plaintiffs' claims. Defendants argue that potential Plaintiffs should be advised of their right to seek independent counsel in this case. Defendants also argue that the period for potential Plaintiffs to "opt-in" to this action should be forty-five days, instead of Plaintiffs' proposed sixty-day "opt-in" period. Plaintiffs assert that potential Plaintiffs' right to independent counsel is preserved by the statute in that Plaintiffs seeking their own counsel may bring their own separate action. Plaintiffs maintain that if other attorneys represented other Plaintiffs in this case, it could

Case 8:08-cv-02545-AW   Document 21   Filed 04/14/09   Page 7 of 10

potentially increase the complexity of such matters involving discovery, preparation for trial, and presentation of evidence.

In response to Defendants' objections, Plaintiffs drafted a revised notice and replaced the contested language. Plaintiffs request that the notice be distributed with the potential Plaintiffs' current pay check and be posted in two conspicuous places at the auto dealership. Plaintiffs propose that the Defendants produce some information regarding the size of the potential class, should the Court determine that a sixty-day "opt-in" period will further delay the case. Plaintiffs also propose an addition to the notice to potential Plaintiffs which includes more information of the qualifications of the present counsel as well as the terms of legal representation. Defendants have not yet responded to Plaintiffs' proposals. The Court directs the parties to work jointly to submit a proposed "opt-in" notice to the Court.

### C.    Motion to Equitably Toll the Statute of Limitations

Plaintiffs request that the Court equitably toll the statute of limitations, beginning on November 13, 2008. Plaintiffs urge the necessity of the tolling of the statute of limitations because potential Plaintiffs may be prejudiced by the exhaustion of their claims due to the delays of litigation including the Court's delay in deciding on the certification motion, and the operation of the statute of limitations, and potential Plaintiffs lack notice of the law suit. Defendants argue that the statute of limitations should not be tolled because Plaintiffs' request do not fit within the two recognized exceptions in allowing an equitable tolling of the statute of limitations. Defendants argue that there are no extraordinary circumstances or circumstances beyond the potential Plaintiffs' control that has prevented them from filing on time.

Under the FLSA, the statute of limitations is only tolled upon the filing of an opt-in notice. 29 U.S.C. § 216(b). The statute of limitations is two years, and three years if the violation is willful. 29 U.S.C. § 255(a). The Fourth Circuit has held that plaintiffs requesting to equitably toll the statute of limitations must demonstrate "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented [the plaintiff] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). The Fourth Circuit has stated that "any invocation of equity to relieve the strict application of the statute of limitations must be guarded and infrequent," and equitable tolling is applicable to prevent an unconscionable result or gross injustice. *Harris v. Hutchison*, 209 F.3d 325, 330 (4th Cir. 2000).

In this case, Plaintiffs have requested the equitable tolling of the statute of limitations due to no fault of either of the parties or their counsel. Plaintiffs requested the tolling of the statute of limitations four months after its request to certify the collective action under § 216(b) of the FLSA had not been decided. Thus, the equitable tolling of the statute of limitations will not encompass a significant amount of tolled time and it is reasonable due to the small class of potential Plaintiffs that will benefit from the equitable tolling. Also, Plaintiffs request is reasonable in light of the nature of this collective action. The Court notes that the "putative" class members will consist of a significantly narrow similarly situated group of people; all auto salespersons, working for one auto dealership, in a single municipality. Therefore the Court will grant Plaintiffs' motion to equitably toll the statute of limitations.

  April 14, 2009                                                          /s/
Date                                                               Alexander Williams, Jr.
                                                                   United States District Judge

10