UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JILLYN K. SCHULZE
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
SUITE 335A
GREENBELT, MARYLAND 20770
(301) 344-0630
Fax:  (301) 344-0629

August 2, 2010

Bradford Warbasse, Esquire
401 Washington Ave Suite 200
Towson MD  21204

Kevin C. McCormick, Esquire
Seven St. Paul Pl Suite1400
Baltimore MD  21202

Howard B. Hoffman, Esquire
600 Jefferson Plaza Suite 304
Rockville MD  20852

Re:   *Sharn Chapman, et al. v. Ourisman Chevrolet Co., Inc., et al.*
        Civil Action No.  AW 08-2545

Dear Counsel:

Presently pending and ready for resolution is Plaintiffs' motion to modify the scheduling order. (Dkt. No. 66).  Plaintiffs state that their accounting experts have been unable to prepare damages calculations because not all necessary documents have been received.  In addition, they state that damage calculations will vary depending on whether wage calculations are based on a weekly (as Plaintiffs contend)  or a monthly (as Defendants contend) basis.  Noting that calculating damages will be extremely expensive, Plaintiffs request that they be permitted to produce final damages calculations after this issue is resolved by summary judgment proceedings.  Alternatively, they request an additional 60 days to produce their damages calculations.

Defendants oppose the motion on the basis that the agreed-up discovery extensions did not alter the original January 5, 2009, deadline for Plaintiffs' expert disclosures.  This argument is without merit.  The fact that the parties' jointly proposed extensions listed only final discovery deadlines without setting interim expert discovery deadlines (see Dkt. Nos. 38 and 56) does not render the original expert deadlines applicable.  Clearly, a party who has not received payroll documents cannot produce expert reports regarding wage calculations, and Defendants do not deny that Plaintiffs do not have complete responses to their document requests.

Defendants also oppose Plaintiffs' proposal to permit damage calculations to be produced after resolution of the question whether wages are to be calculated on a weekly versus a monthly basis. They first note "the general rule of litigation that discovery is to be completed prior to the time for the filing of dispositive motions." While it is certainly true that discovery is usually completed prior to the filing of dispositive motions, it is equally clear that the court can order that certain discovery be delayed where resolution of a legal issue has the potential to prevent undue and unnecessary expense, and to this end it is not uncommon to delay damages discovery until after liability issues are resolved.  *See, e.g.,* Rules 16 and 26**.**  Defendants also cite a

Counsel
*Sharn Chapman, et al. v. Ourisman Chevrolet Co., Inc., et al.*
Civil Action No.  AW 08-2545
August 2, 2010
Page 2

concern that parties "would be free to press unsupported theories" without having to invest in developing them prior to summary judgment.  Discovery, however, is not designed to serve as a financial deterrent to the presentation of unsupported theories.  That problem is addressed by Rule 11.  The goal of discovery is to provide each party with the information it needs to proceed to the next phase of the case, and where, as here, summary judgment has the potential to prevent unnecessary expense without prejudicing either party, the court should fashion a discovery plan accordingly.

  In sum, Plaintiff's motion to bifurcate discovery is granted.  Plaintiffs' expert report regarding damages need not be produced until after the conclusion of summary judgment proceedings.  In light of this ruling, some of the issues presented in pending motions may be moot.  In addition, or alternatively, the parties may choose to delay other discovery until after summary judgment.  The parties are directed to confer and to report to the court by not later than August 16, 2010, regarding (1) a date by which they propose to complete all discovery necessary prior to summary judgment, (2) identification of any discovery issues which need to be resolved prior to summary judgment, and (3) identification of any discovery in addition to expert disclosures which they have agreed to delay until after the conclusion of summary judgment.  The court will then issue a scheduling order or hold any necessary hearing or scheduling conference.

  This letter shall be docketed as an order.

                Sincerely,

                 /S/

                Jillyn K. Schulze
                United States Magistrate Judge